Lisa Omori (State Bar No. 157108)
NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation
333 Salinas Street
Post Office Box 2510
Salinas, California 93902-2510
Telephone: (831) 424-1414
Facsimile: (831) 424-1975

Attorneys for Nabil Majdub and Quality Restaurant Enterprises, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN JOSE DIVISION]

| | |
|---|---|
| In re<br><br>ALI JAD KHALAILA,<br><br>Debtor.<br><br>Nabil Majdub and QUALITY RESTAURANT ENTERPRISES, INC.<br><br>Plaintiffs/Creditors<br><br>v.<br><br>ALI JAD KHALAILA,<br><br>Defendant/Debtor | No. 10-56726 CN<br><br>Chapter 13<br><br>AP. No._____ |

**COMPLAINT OBJECTING TO DISCHARGE**

**FOR INDIVIDUAL DEBT**

QUALITY RESTAURANT ENTERPRISES, INC., a California corporation, dba Wienerschnitzel #279 ("Quality Restaurant") by and through their counsel Lisa Omori, Esq. of Noland, Hamerly, Etienne & Hoss, a Professional Corporation, object to discharge of Debtor, ALI

JAD KHALAILA for the individual debt of $15,629.50 owed to it. This adversary proceeding is brought under 11 U.S.C. §523(a)(4) and Bankruptcy Rule 7001(4) of the Federal Rules of Bankruptcy Procedure for fraud or defalcation while acting in a fiduciary capacity. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(j).

In support of this Complaint, Quality Restaurant would show the Court as follows:

1. Debtor was formerly employed by Quality Restaurant from approximately September 2007 through approximately September 27, 2009, at which time his employment was terminated.

2. Quality Restaurant employed Debtor as a manager of the restaurant known as Wienerschnitzel #279, which is owned and operated by Quality Restaurant, located at 1346 S. Main Street, Salinas, California.

3. During the course of his employment Debtor, as the manager was solely and completely responsible for depositing cash receipts from daily sales in Quality Restaurant's bank account. Quality Restaurant employed no other person for that purpose. In his capacity as manager, Debtor had access to Quality Restaurant's bank accounts. Quality Restaurant placed confidence in the fidelity and integrity of Debtor and entrusted Debtor as manager, including without limitation the sole authority to handle daily receipts of the business and to have access to and be entrusted with Quality Restaurant's money and accounts.

4. During the period of his employment, Debtor began to embezzle money from Quality Restaurant by falsifying deposit slips, failing to make cash deposits in Quality Restaurant's bank account, and converting those funds for his own personal use.

5. On or about July 27, July 31, August 1, August 3 and August 4, 2009, Debtor falsified old deposit slips to make it appear that the deposits were made. Instead, Debtor converted the funds to be deposited from sales on that date for his own personal use. Quality Restaurant never authorized Debtor to use Quality Restaurant's funds for his own use. The amount Debtor converted for his personal use was at least $11,866.00.

6. Debtor's actions where made with the intent to deceive and defraud Quality Restaurant. Debtor concealed from Quality Restaurant that Debtor had undertaken the acts described hereinabove, and wrongfully led Quality Restaurant to believe that all such cash funds were deposited in Quality Restaurant's bank account. Debtor did these acts with the intent to induce Quality Restaurant to rely on the continuing fidelity of Debtor as an employee entrusted with Quality Restaurant's funds and access to Quality Restaurant's bank account.

7. Quality Restaurant terminated Debtor on September 27, 2009.

8. Debtor filed for unemployment benefits with the Employment Development Department, Case Number 3075118. EDD denied benefits upon finding that discharge was "because you took money from your employer for your own use." Debtor appealed that determination to the California Unemployment Insurance Appeals Board. The Administrative Law Judge affirmed the Department's determination and ruling and held that Debtor was disqualified for unemployment benefits.

9. On or about January 29, 2010, Quality Restaurant and its principal shareholder, Nabil Majdub, filed suit against Debtor for damages for conversion, fraud, unjust enrichment, constructive trust, and money lent. The suit was filed in Monterey County Superior Court, Case No. M103753. On or about May 12, 2010, judgment was granted in favor of Nabil Majdub for personal money lent in the amount of $23,794.00 and in favor of Quality Restaurant for conversion, fraud, etc. in the amount of $15,629.50, including the principal sum of $11,866.00, plus unpaid accrued interest at the rate of ten percent (10%) per annum from August 4, 2009 through April 30, 2010, in the amount of $874.25 and $2,694.25 in attorneys' fees, plus costs of suit of $195.00 (1/2 of the total cost of $390.00).

10. On June 29, 2010, Debtor filed this proceeding under Chapter 13 of the Bankruptcy Code.

Quality Restaurant believes and on that basis alleges that Debtor breached his fiduciary duty owed to Quality Restaurant by embezzling monies from Quality Restaurant for his own use. Quality Restaurant believes and on that basis alleges that Debtor acted willfully and fraudulently which directly damaged Quality Restaurant.

WHEREFORE, based upon the foregoing, Quality Restaurant respectfully objects to the discharge of the individual debt in the sum of $15,629.50 owed to it by Debtor, for which Debtor fraudulently and maliciously used for his own personal use, and with the intent to deceive Quality Restaurant. Quality Restaurant further requests an award of attorneys' fees, costs of suit, and for such other sums as may be just and proper.

DATED: October 12, 2010

NOLAND, HAMERLY, ETIENNE & HOSS, A Professional Corporation

_____/S/_____
Lisa Omori
Attorneys for Quality Restaurant Enterprises, Inc.

"Quality Restaurant"